SCHOTT, Judge.
This is a suit for damages for injuries sustained by plaintiff when she fell through a hole in the bathroom floor of the house she rented from defendant. The trial court awarded her $750.00 in general damages, and she has appealed seeking an increase in the award. Defendant has neither appealed nor answered the appeal. The issue is whether the trial judge abused his discretion in the amount of the award.
Plaintiff testified that on October 24, 1981 at about 8 A.M. she stepped into her *1213 bathroom to grab a tissue and her right leg went through the floor to her waist or stomach with the left leg inside the house. She extricated herself using the left leg as support. At first she felt dizzy and nervous but she thought she could go to work. However, by 10:30 A.M. she was having pains in her back and vagina so she returned home. Later she began to bleed from the vagina. At 1 P.M. she went to the emergency room of Saint Claude General Hospital.
The hospital record contains the following description of the accident:
“Alert & oriented 26 yo c/o falling 8:30 thru bathroom floor, hit pubic on pipe, has shooting pains, twisted (L) ankle, twisted low back [with] pain ‘shooting’ up the middle to mid back...”
X-rays of her lumbar spine and laboratory tests on her urine and vaginal fluids were made. The final diagnosis was “(1) Multiple contusions” and an unrelated infection.
On October 31 plaintiff was examined by Dr. D.S. Condie, a general surgeon. She told him she fell into a hole in her bathroom “and sort of spread — eagled herself in that fashion. And there was a pipe apparently within that hole, and she sort of straddled it, hitting her vaginal area.”
Dr. Condie reviewed the St. Claude hospital record of October 24, 1980 and interpreted its findings to include multiple contusions and tenderness of various areas including the legs, back, and labia. He stated that a fall such as described by plaintiff would be consistent with the injuries listed including pain in the lower back and “a good bit of swelling in the vaginal area.” Based on his examination of plaintiff Dr. Condie’s diagnosis was a dorsal and a lumbosacral strain and a contusion of the labia. He treated her back with ultrasound, prescribed muscle relaxants and sedatives, and recommended moist heat, showers and therapy three times each week.
Dr. Condie further testified as follows: Plaintiff returned on November 14 and, according to his notes, gave a history of falling into the hole again, aggravating her back injury. He administered ultrasound on that day and again on November 20 and 21. She next returned on December 29 and had improved, but he continued to recommend heat and medication. He saw her next on January 7, 1981, March 9 and March 24 when she still had tenderness and spasm in the dorsal and lumbar areas. At this point he recommended she see an orthopedist who examined her on June 25 and found that she sustained a lumbosacral sprain which was resolving satisfactorily and did not require further medical therapy. At this point Dr. Condie discharged her.
Defendant testified on cross examination that following plaintiffs report of the accident he inspected the bathroom and found a hole in the floor next to the toilet so small that “you could not get your fingers down through there.” However, when confronted with his deposition testimony that the hole was four inches by fifteen inches, he stated, “I would like to change that, because I was wrong.” Later in direct examination he testified that he installed “a little strip” around the toilet to cover the hole.
Plaintiff introduced four pictures of the bathroom floor taken two days after the accident. Nothing in the record challenges their accuracy or authenticity. They show a hole in the floor large enough for one to step into and having obvious characteristics of having been pushed through as though someone had stepped into it. Also, it clearly shows a pipe running just below the floor’s level.
In the trial court’s reasons for judgment, the ultimate conclusion is that “the only damage she had to her leg was the scratch on the ankle ... that the injuries were minimal and the time away from work was correspondingly minimal and not attributable to the accident.” But the court’s preface to this statement demonstrates that the conclusion was based on premises not supported by the record.
At the outset of the reasons, the court questioned plaintiff’s version of the acci *1214 dent in view of defendant’s statement that the hole was four inches by fifteen inches, “especially in view of the fact that the accident happened on October the 24th, and she did not see Dr. Condie until the 31st.” Next, the court questioned plaintiff’s failure to call her boyfriend as a witness in her behalf. The court then reasoned as follows:
"... She sustained, according to the reports and hospital records of St. Claude General, a slight scratch to the ankle of the right leg which would make it almost impossible for her to fall through a hole and not damage the leg to the extent that Dr. Condie could see no damage to the leg itself, nor was the leg in anyway injured.”
The court disposed of plaintiff’s photographs with the comment that they “do not agree with what Mr. Williams’s testimony is insofar as the size of the hole. The Court believes that the size of the hole is set forth by Mr. Williams as being four inches by fifteen inches, which would be more in keeping with the ankle injury than would be the testimony of Mrs. Henry.”
The first problem with these reasons is their failure to recognize that only a few hours after the accident plaintiff sought emergency treatment for a vaginal complaint and back trouble. The trial court was clearly wrong in suggesting that the first time she sought medical treatment was when she saw Dr. Condie a week later.
Next, we are unable to agree with the trial court that plaintiff’s failure to call her boyfriend can be held against her. Her testimony was that he had left her some time prior to the trial and was in Texas at trial time. She could not produce him as a witness under these circumstances.
Next, the trial court’s reference to the report of the St. Claude General Hospital seems to imply that she had but a slight scratch on her ankle. This is clearly wrong. The report states that she had “multiple contusions” which Dr. Condie interpreted to include a contusion in the vaginal area.
The trial court reasoned that since plaintiff had but an ankle injury it would follow that the hole could not have been as large as the one depicted in the photographs taken by plaintiff but would be in keeping with the four by fifteen inches testified to by defendant. The first problem with this reasoning is its failure to properly consider the hospital record. Since she did have injuries beyond an ankle scratch, a valid conclusion cannot be based on the premise that all she had was the scratch. Furthermore, defendant never did testify without equivocation that the hole was four by fifteen inches. At first he said there was a hole the size of one’s finger, then when confronted with his deposition statement that the hole was four by fifteen inches, he said he didn’t remember. In testifying on his case in chief defendant stated that his agent got a report from plaintiff that she fell through the floor whereupon he called on her and inquired about it. She then told him she hadn’t fallen through the floor at all but had made the complaint just to get him to fix a “crack” in the bathroom. Defendant said, “I went and got a little strip and put it right in front of the toilet so her children would not stick their hand down that.” He went on to deny that there were any holes or weak spots in the floor. (Tr. 179-181)
Had the trial judge disbelieved plaintiff entirely and dismissed her case we would be compelled to affirm on the basis of his credibility determination. But instead he found that she fell, somehow, through a four by fifteen inches hole (which has no support in the record) and sustained only a scratch on her ankle (which he found was her only injury when she was examined by St. Claude General— clearly wrong by reference to the report.) Finally, it does seem inconceivable that this plaintiff could have faked the photographs to make them fit the accident which Dr. Condie said was consistent with multiple contusions including one on the labia and dorsal and lumbosacral strain or sprain.
Since the trial judge found only a scratched ankle for which he awarded the *1215 plaintiff $750.00 we increase the award to $3,000.00. In all other respects the judgment is affirmed. Costs of this appeal are assessed against defendant.
AMENDED AND AFFIRMED.
GULOTTA, J., concurs, assigning reasons.