636 So.2d 980 (1994)
Denver PENNY
v.
AVONDALE CONTAINER SERVICE.
No. 93-CA-966.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 1994.
A.J. Rebennack, New Orleans, for plaintiff/appellee.
G. Patrick Hand, Jr., Gretna, for defendant/appellant.
Before KLIEBERT, C.J., and GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a claim for worker's compensation filed on behalf of plaintiff/appellee, Denver Penny against his employer, the defendant/appellant, Avondale Container Service. The hearing officer found a compensable dental injury and awarded Penny past medical expenses of $460.00 and costs for a partial of $1,400.00. The hearing officer also awarded costs. Avondale now appeals. We affirm.
*981 Penny alleged that on July 12, 1990 he was struck in the mouth by a pipe as he was loading items on his truck in Mobile, Alabama. He alleged the accident happened during the course and scope of his employment with Avondale. He testified he verbally informed his supervisors daily for two to three weeks thereafter of his need for dental treatment to no avail. He also stated the owner of the company spoke to him about the refusal of the company to provide coverage. Avondale asserts he made no such request. After he saw an attorney his attorney sent him to his dentist. Dr. Philip J. Kahn, the only expert in dentistry to testify, concluded trauma caused an infection and the loosening of two front teeth. He removed the two teeth and the two others surrounding these two. His medical charges were stipulated to be the following amounts related to the accident: $1,400.00 for the partial and $460.00 for the medical charges.
Avondale disputes there was a work-related accident. It relies on evidence that Penny did not seek medical attention until August 30, 1990, seven weeks after the accident. It also asserts Penny did not present credible evidence corroborated by circumstances following the alleged accident. Additionally, it contends Penny's failure to call witnesses of the accident should give rise to an adverse presumption regarding this testimony.

FAILURE TO CALL WITNESSES:
Appellee had testified there were two witnesses to the accident in Mobile, Alabama; namely a person named "Jacques" and a security guard. Appellant argues in brief that appellee only replied, "no" when asked if he tried to find out who the witnesses were to the accident.
We explained in W. Handlin Marine v. Gulf States Marine, 624 So.2d 907, 912 (La. App. 5th Cir.1993):
An adverse presumption arises upon the unexplained failure of a party to call a witness who possesses peculiar and material knowledge to that party's case; however, this presumption is rebuttable ... Further, when the silent witness is available to either party, the presumption is inapplicable. [citations omitted]
However, appellee did explain his failure to call these two witnesses. He stated he never learned the names or addresses because he had been escorted off the Mobile, Alabama property and "assumed they didn't want me back over there, so I didn't go over there."
Similarly, in Henry v. Williams, 459 So.2d 1212 (La.App. 4th Cir.1984) the plaintiff explained her failure to call a witness/boyfriend by stating he had left her and was in another state at the time of trial. The Fourth Circuit noted that "[s]he could not produce him as a witness under these circumstances." Id. at 1214.
Since appellee did not know the full identity of these witnesses and was precluded from getting information about them the presumption is inapplicable.

BURDEN OF PROOF/WORK-RELATED ACCIDENT:
In Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992) the Louisiana Supreme Court held at 361:
the plaintiff in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. A worker's testimony alone may be sufficient to discharge the burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence. [citations omitted].
In the instant case Penny's testimony regarding the work-related accident was not controverted by the only defense witness to testify, Michael O'Brien. O'Brien, the owner of Avondale, testified he did not know what happened in Mobile and that he did not know whether Penny reported the accident to the individuals named Donald or Wesley as Penny testified. Although he testified he would have known had an accident occurred he nonetheless admitted he did not know whether Penny reported the accident. The two *982 individuals to whom Penny stated he reported the accident did not testify. O'Brien stated these two individuals were no longer with the company.
The hearing officer specifically determined Penny was credible and viewed Dr. Kahn's testimony as corroborative.
In Bruno, supra, at 361 the court further held:
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. [citations omitted].
The Bruno court further noted at 361: Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840, 844-45 (La.1989); [emphasis in quoted material].
In the instant case Dr. Kahn testified the history given to him by Penny was consistent with something probably happening to aggravate those teeth. He believed trauma occurred to these teeth. In addition he testified Penny had an infection which he "really felt [w]as due to some type of trauma to the area." He stated he "really felt that it had to do with him being hit."
Thus, under Rosell we find that the hearing officer was not manifestly erroneous or clearly wrong to attach credibility to the testimony of Penny and Dr. Kahn.
Appellant also argues the case of Shelton v. Wall, 614 So.2d 828 (La.App. 2nd Cir.1993) is factually and legally analogous to this case. We disagree. In Shelton the second circuit reversed the hearing officer's award on the basis the plaintiff did not meet her burden of proof. In Shelton, unlike the present case, the plaintiff's treating physician's testimony "[did] not support a conclusion that [the Shelton plaintiff's] condition was job-related." Shelton at 833. His testimony was "the sole medical testimony presented at trial." Id.
In Shelton there was both contradictory evidence concerning her reporting the alleged accident as well as a lack of corroborative evidence from her treating physician. Those two factors are not present here.
O'Brien admitted he did not know whether the two individuals named by Penny had been notified of the accident. He did testify, however, contradictorily to Penny that he was unaware of the accident. Nevertheless, the only medical evidence presented corroborates O'Brien's version of a work-related accident.

BURDEN OF PROOF CAUSATION:
The Louisiana Supreme Court recently explained the burden of proving causation between the accident and the disabling condition in Peveto v. WHC Contractors, et al., 630 So.2d 689 (La.1994):
An employee in a worker's compensation action has the burden of establishing a causal link between the accident and the subsequent disabling condition. Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320, 324 (La.1985). Where, as here, the employee suffered from a pre-existing medical condition, he may still prevail if he proves that the accident "aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed." Id. In Walton, this court recognized the existence of a presumption to aid plaintiffs in cases involving a pre-existing condition. We stated:
[W]hen an employee proves that before the accident he had not manifested disabling *983 symptoms, but that commencing with the accident the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, the employee's work injury is presumed to have aggravated, accelerated or combined with his preexisting disease or infirmity to produce his disability.

Id. at 324-25 (citing Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831-32 (La.1982); Haughton v. Fireman's Fund American Ins. Co., 355 So.2d 927, 929 (La.1978)). Once the employee has established the presumption of causation, the opposing party bears the burden of producing evidence and persuading the trier of fact that it is more probable than not that the work injury did not accelerate, aggravate or combine with the pre-existing disease or infirmity to produce his disability. Id. at 325. Furthermore, medical testimony, albeit significant, is not conclusive as to the issue of causation, which is generally the ultimate fact to be decided by the court after weighing all the evidence. Haughton, 355 So.2d at 928. Bearing in mind the tenet that the worker's compensation laws are to be liberally construed, we address the facts of the matter before us.
In the instant case Penny's dentist testified he had a pre-existing periodontal disease condition. However, he also testified two of the teeth he pulled were pulled due to the work-related accident. Two other surrounding teeth were pulled due to the pre-existing condition. Here there is medical evidence establishing a causal link between the condition of two of the teeth and the work-related accident.
Appellant also argues that Penny's testimony is inconsistent with that of Dr. Kahn's as well as being internally inconsistent.
We have examined these alleged inconsistencies and find no merit to these assertions.
Accordingly, for the reasons stated the judgment in favor of Denver Penny and against Avondale Container Service awarding Denver Penny medical expenses and costs is affirmed. All costs of this appeal are to be borne by appellee, Avondale Container Service.
AFFIRMED.