664 So.2d 563 (1995)
David NELAMS, Plaintiff-Appellant,
v.
ALLEN'S TV CABLE, et al., Defendants-Appellees.
No. 95-444.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*564 Alex D. Chapman Jr., Ville Platte, for David Nelams.
Michael Edward Parker, Lafayette, for Allen's TV Cable.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
In this worker's compensation case, claimant, David Nelams, appeals the dismissal of his claim for additional medical expenses via an exception of res judicata. For the following reasons, we affirm.

FACTS
On January 23, 1989, Nelams was injured in the course and scope of his employment with Allen's Cable TV. His employer's insurer, National Union Fire Insurance Company of Pittsburgh, began paying Nelams weekly compensation benefits, but at some point, these payments were terminated. On April 12, 1991, Nelams filed a disputed claim for compensation, seeking reinstatement of his benefits and the payment of certain medical bills of Dr. Michel Heard. The payment of these medical bills was discussed at a status conference on August 19, 1991. Counsel for Nelams maintains that at this conference he was informed that only Dr. Heard, and not Nelams, had standing to seek payment of these expenses. On August 20, 1991, counsel for Nelams wrote to Dr. Heard informing him of this fact and instructing him to file a form 1016 with the Office of Worker's Compensation.
In March of 1992, Nelams settled his claim against Allen's and National Union for $11,500.00. The settlement was approved in an order signed on March 26, 1992 by hearing officer Mark Zimmerman. The order, which Nelams' counsel approved, contained the language, "Employee shall pay any medical expense incurred or to be incurred."
In July of 1992, Dr. Heard sued Nelams in district court for the payment of his outstanding medical expenses. The district court proceedings are not in the record before us. However, on June 22, 1993, Nelams filed the instant claim in the office of worker's compensation for payment of these medical expenses. Allen's and National Union filed an exception of res judicata, asserting the preclusive effect of the March 1991 compromise. At the hearing on the exception, Nelams testified that the unpaid medical bills were not discussed in the settlement negotiations and that he would not have signed the settlement documents if he had known of the outstanding medical expenses.
On January 26, 1995, hearing officer Sharon McCauley granted the exception and dismissed Nelams' claim with prejudice. Nelams has appealed.

*565 OPINION
In granting defendants' exception, the hearing officer relied upon La.R.S. 23:1272, which provides in part:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties. [Emphasis added.]
In written reasons, the hearing officer noted that Nelams had not made any allegations of fraud or misrepresentation. Further, the written reasons referred to a stipulation by counsel that the settlement documents were correct as to form. Although this stipulation is not in the record, counsel for Nelams does not dispute its existence on appeal. The hearing officer concluded that in the absence of fraud, misrepresentation, or a defect as to form, she had no authority to set aside or modify the terms of the previous order.
On appeal, Nelams contends that he is not seeking to set aside or modify the earlier settlement. Rather, he argues that in March of 1991 he only intended to settle his claim for future compensation benefits; therefore, the prior settlement did not include any claims for outstanding medical expenses. Because only Dr. Heard could pursue this claim in the "1016 proceeding," Nelams considered it a matter between Dr. Heard and the insurance company and he "assumed" that all bills had been paid. The record shows, however, that Dr. Heard's 1016 claim was dismissed for lack of prosecution.
La.Civ.Code art. 3078 declares that a transaction or compromise has the legal efficacy of a judgment, possessing "a force equal to the authority of things adjudged." A valid compromise, therefore, can form the basis of a plea of res judicata. Brown v. Drillers, Inc., 93-1019 (La.1/14/94); 630 So.2d 741.
Regarding the scope of a transaction or compromise, La.Civ.Code art. 3073 provides:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.
Because Nelams does not seek to rescind the compromise, the burden of proof is on the defendants, who are relying on the compromise, to establish its validity, including the differences that the parties intended to settle. Brown v. Drillers, Inc., 630 So.2d 741.
At the hearing on the exception, the defendants introduced the settlement documents, including the previous Judgment of Dismissal, a Receipt signed by Nelams, and the Order signed by the hearing officer. Each of these documents was approved by Nelams' attorney. Although the settlement package contains some inconsistencies, we nonetheless find that it evidences an intent to release defendants from any further liability for medical expenses related to this accident.
In the Receipt, Nelams acknowledges receipt of $11,500.00 in consideration for the release of defendants from "any and all compensation indemnity benefits due from the date of the Order executed by the Office of Workers' Compensation Administration." This sentence, standing alone, supports Nelams' allegation that he intended only to settle his claim for future weekly compensation benefits and not past medical expenses. However, Nelams further agreed to defend, *566 indemnify and hold harmless defendants for any and all claims arising out of the accident, including medical expenses, brought by any other party or by way of reconventional demand, third party demand, indemnification, cross claim or counter claim. The Order as signed by the hearing officer recognizes that the compromise includes settlement of "any and all past, present and future claims, demands, compensation, medical expenses, costs, penalties, attorneys fees...." The Order further states that upon payment of $11,500.00 the defendant shall be discharged from any liability to the employee under the worker's compensation laws of this state and that "the Employee shall pay any medical expense incurred or to be incurred."
After reviewing the complete settlement package, we find that the defendants have met their burden of proving that Nelams intended to release them from any further responsibility for his medical expenses. The fact that Nelams was represented by competent counsel weighs heavily in this conclusion.
We, therefore, find that the hearing officer correctly relied upon La.R.S. 23:1272 in dismissing this claim. In the absence of fraud or misrepresentation, Nelams' mistaken belief or assumption that all medical bills had been paid is not sufficient grounds for modifying a worker's compensation compromise that has been approved by a hearing officer. See Courville v. Travelers Insurance Co., 99 So.2d 362 (La.App. 1 Cir.1957).

DECREE
For the above reasons, the judgment of the Office of Worker's Compensation is affirmed. Costs of this appeal are assessed to plaintiff-appellant, David Nelams.
AFFIRMED.