665 So.2d 566 (1995)
Jeffery BALL
v.
DAWSEY CORPORATION and Louisiana Construction and Industry Self Insurers Fund.
No. 95-CA-669.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
*567 William G. Legrand, Norman Mopsik & Law Associates, New Orleans, for Plaintiff/Appellee.
Kirk L. Landry, Baton Rouge, for Defendants/Appellants.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal of a judgment rendered by the Office of Worker's Compensation in favor of the claimant. For the following reasons, we affirm.

STATEMENT OF THE CASE
Claimant, Jeffery Ball, was employed as an iron worker by the defendant, Dawsey Corporation. The claimant testified that he was injured at work on January 31, 1994, when a beam he was standing on collapsed, causing him to fall. As a result of the fall, the claimant testified that he suffered injuries to his neck and right elbow, as well as various bruises to his chest, arms, and legs. Further, the claimant testified that metal shavings became lodged in his right eye. Shortly after the alleged accident, the claimant received treatment at the Brown Medical Center Clinic. Later, on February 9, 1994, the claimant began being treated by Dr. William Funk. Dr. Funk discharged the claimant on April 8, 1994.
The defendant stipulated to the eye injury suffered by the claimant and paid for the resulting medical treatment. However, the defendant contested the other injuries allegedly suffered by the claimant. In fact, the defendant disputed the occurrence of the alleged accident. Therefore, the defendant did not pay the claimant any worker's compensation *568 benefits for the injuries to his neck and elbow.
The trial court found the claimant's version of events credible and accordingly concluded that he had been injured in the course and scope of his employment on January 31, 1994. Therefore, the court ruled that the claimant was entitled to receive weekly total temporary disability benefits from January 31, 1994, through April 8, 1994. Further, the court ruled that the claimant was entitled to the payment by the defendant of all of his medical bills arising from the accident. Finally, the court concluded that the defendant had acted in an arbitrary and capricious manner in refusing to pay worker's compensation benefits to the claimant and accordingly awarded him a $2,000 penalty and $1,000 in attorney's fees. From this judgment, the defendant has appealed.

ISSUES
The defendant has raised the following issues for our review: (1) whether the trial court erred in finding that the claimant sustained injuries to his neck and elbow in the course and scope of his employment; (2) whether the trial court erred in finding the defendant's handling of the instant claim to be arbitrary and capricious and consequently awarding the claimant penalties and attorney's fees; and (3) whether the trial court erred in failing to limit the defendant's liability for the claimant's medical bills to $750 pursuant to La.R.S. 23:1142.

ANALYSIS
La.R.S. 23:1031 provides worker's compensation benefits for those employees who are accidentally injured in the course and scope of their employment. Thus, the threshold question before the trial court was whether the claimant had in fact been injured in a work place accident. The trial court concluded that the claimant had carried his burden of proof on this issue. However, the defendant disputes this finding, primarily on the basis that the claimant was the only witness to the accident.
In Bruno v. Harbert International, Inc., the Louisiana Supreme Court held that a worker's testimony alone is sufficient to establish a work-related accident, provided that: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. 593 So.2d 357, 361 (La.1992). Further, the Court held that, even when the claimant is the only witness to the accident, the worker's burden of proof nevertheless remains a preponderance of the evidence, as opposed to clear and convincing evidence. Id. at 364; Jasmin v. St. James Parish Sch. Bd., 606 So.2d 15, 17 (La.App. 5th Cir.), writ denied, 607 So.2d 568 (La. 1992).
We find that the claimant in the instant case has satisfied the standard enunciated in Bruno for carrying his burden of proof. Initially, we note that the trial court's finding as to the claimant's credibility regarding the occurrence of the accident is a factual determination and thus is not to be disturbed on review absent a showing of manifest error or unless clearly wrong. Bruno, supra; Rosell v. ESCO, 549 So.2d 840 (La.1989).
As discussed earlier, the claimant testified that he fell from a beam and injured his neck and elbow. In its reasons for judgment, the trial court stated that there "was speculation about the non-occurrence of the accident, but nothing concrete to refute or discredit the claimant's version of the occurrence of the accident." Instead, the court found the claimant's testimony regarding the incident to be plausible and consistent. The record supports the trial court's finding. For example, both of the claimant's supervisors testified that they had no personal knowledge as to whether the accident had occurred or not. Thus, there is no direct testimony in the record which contradicts the claimant's description of the accident. In short, the trial court believed the claimant's version of events and, having reviewed the record, we cannot say the court clearly erred in doing so. Accordingly, we conclude that the claimant has satisfied the first part of the Bruno test.
Furthermore, we find that the claimant's testimony is corroborated by the circumstances *569 following the incident. In Bruno, the Court held that corroboration of the claimant's testimony may be provided by medical evidence and testimony. Bruno, supra. Subsequently, in the recent case of Penny v. Avondale Container Service, we held that the medical evidence in the record corroborated the claimant's testimony regarding the occurrence of a work-related accident. 93-966 (La.App. 5th Cir. 3/29/94), 636 So.2d 980, 982. We based our holding in Penny on the fact that the claimant's physician testified that the symptoms exhibited by the claimant were consistent with the trauma which he allegedly suffered. Id.
Similarly, in the instant case, the medical evidence in the record provides corroboration for the claimant's testimony. For instance, Dr. Funk testified that he diagnosed the claimant with a cervical sprain and a right elbow radial epicondylitis. According to Dr. Funk, both injuries were caused by trauma. Dr. Funk's diagnosis is consistent with the injuries which claimant testified he suffered in the accident. Therefore, we conclude that the claimant's testimony regarding the accident is corroborated by the medical evidence and testimony in the record. Based on the foregoing, we see no manifest error in the trial court's finding that the claimant sustained his burden of proving he suffered injuries in a work-related accident.
The defendant next challenges the trial court's award of penalties and attorney's fees to the claimant pursuant to La.R.S. 23:1201 et seq. The trial court found that the defendant had behaved in an arbitrary and capricious manner and accordingly awarded the claimant a $2,000 penalty and $1,000 in attorney's fees. We have previously recognized that a finding that an employer acted arbitrarily is a factual determination and, as such, is subject to the manifest error standard of review. Lutz v. Jefferson Parish Sch. Bd., 503 So.2d 106, 110 (La.App. 5th Cir.1987); see also McKenzie v. City of Bossier City, 585 So.2d 1229, 1237 (La.App. 2d Cir.1991).
We recognize that La.R.S. 23:1201 is a penal statute and thus must be strictly construed. Lutz, supra. The statute provides for penalties when worker's compensation benefits are denied to a claimant and the employer did not "reasonably controvert" the claimant's right to the benefits. La.R.S. 23:1201(E). The question of whether the employer reasonably controverted the claim for benefits turns on whether the employer had "sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant." Ceasar v. Crispy Cajun Restaurant, 94-30 (La.App. 3d Cir. 10/5/94), 643 So.2d 471, 477, writ denied, 648 So.2d 931 (La. 1995).
The defendant argues that it reasonably controverted the claimant's right to benefits and therefore the trial court erred in awarding a penalty under the statute. Essentially, the defendant's argument is that it presented a good faith defense to the claimant's request for benefits, namely that the claimant was not injured in the course and scope of his employment. The problem with defendant's argument is that, as discussed earlier, the trial court believed the claimant's testimony on this issue, as opposed to the defendant's. That is, the trial court believed the claimant's testimony that he was injured at work, that he told his supervisors of the accident, and that his employer took no steps to provide him with the required medical treatment and benefits.
We have previously determined there to be no manifest error in the trial court's ruling on this issue. Therefore, we must conclude that the defendant had no factual basis on which to controvert the claimant's request for benefits. Moreover, Dr. Funk's testimony regarding the claimant's medical condition is uncontroverted. Thus, the defendant also lacked a medical basis to controvert the claim for benefits. Consequently, we find that the award of a penalty is justified in this case.
Furthermore, we find the trial court's award of attorney's fees to be appropriate. La.R.S. 23:1201.2 provides for attorney's fees when a claim is not paid within sixty days of notice and the failure to pay is determined to be arbitrary or capricious. In the instant case, the defendant did not pay the claim within sixty days and, as discussed above, it had no legitimate basis on which to dispute *570 the claim. Thus, the trial court did not err in awarding attorney's fees to the claimant based on the defendant's arbitrary and capricious refusal to pay the claim.
Finally, the defendant asserts that his liability for the claimant's medical bills should be limited to $750. Defendant's argument is based on La.R.S. 23:1142(B), which provides in pertinent part that a "health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee." Thus, the defendant argues that its liability should be capped at $750 because it did not consent to any treatment beyond that amount.
We disagree, based on subsection (E) of the statute, which provides that "[i]n the event that the payor has denied that the employee's injury is compensable ..., then no approval from the payor is required prior" to the treatment. Here, the employer has consistently denied that the claimant's injury is compensable. Therefore, the claimant did not have to receive approval from the defendant before undergoing treatment and, more importantly, the defendant is not entitled to take advantage of the statutory cap.
Based on the foregoing, we see no error in the trial court's ruling. Accordingly, the judgment appealed from is affirmed in all respects.
AFFIRMED.