IsGOTHARD, Judge.
The defendant, Jefferson Parish School Board, appeals a judgment rendered by the Office of Worker’s Compensation in favor of the claimant, Veola Banks. For the following reasons, we affirm.

FACTSIPROCEDURAL HISTORY

The claimant was employed by the defendant as a cafeteria worker at G.T. Woods Elementary School. On October 27, 1992, while in the course and scope of her employment, the claimant slipped on a piece of lettuce and twisted her knee and back. The accident was witnessed by Rosa Watkins. The claimant received treatment at the emergency room of East Jefferson Hospital on the date of the accident. The next day the claimant went to see Dr. David Aiken on a referral from the emergency room physician at East Jefferson. Dr. Aiken, who testified that hejjjoften examines patients on behalf of the defendant employer, initially diagnosed the claimant as having an internal derangement of the knee or low back. He stated that the claimant could not work and recommended bed rest. On November 2,1992, the claimant, complaining of pain in her left knee and lower back, again saw Dr. Aiken. On this visit, Dr. Aiken stated that the claimant might have a disc problem in her back. Subsequently, on November 24, 1992, the claimant had an MRI performed. Dr. Aiken’s opinion of the MRI was that the results were normal, although he did find some early degenerative changes in the claimant’s knee. He recommended that the claimant return to work on November 30, 1992, which she did.
While at work on December 9, 1992, the claimant felt numbness over her entire body. She called Dr. Aiken and set up an appointment for the next day. On December 10, 1992, Dr. Aiken examined the claimant and noted “tenderness from L2 to S2 in the mid- *1286 line and paravertebral muscle” as well as “mild patellar crepitus” of the left knee. The doctor stated that he could not explain her continued severe complaints of pain. He recommended that she rest and not return to work until December 14,1992. The claimant returned to see Dr. Aiken on December 15 and 28, 1992, again complaining of pain. He ordered that another MRI be performed. Dr. Aiken again concluded that the MRI results were normal and he advised the claimant to return to work at full duly. Further, Dr. Aiken noted that the claimant had “touch me not tenderness”, which is a sign of hysteria.
Although Dr. Aiken had released the claimant to return to work, she was still suffering pain in her knee and lower back. Thus, on December 30, 1992, she went to Doctors Hospital of Jefferson to receive treatment. She was diagnosed with a muscular low back sprain and was prescribed medication and ice for the affected area. After consulting with an attorney, the claimant was referred to Dr. Gerald | ¿Davis at the New Orleans Orthopaedic Clinic. The claimant was treated by Dr. Davis from January 18, 1993 to March 24, 1993. Dr. Davis diagnosed the claimant as having “cervical and lumbar spine syndrome secondary to trauma.” He additionally diagnosed “osteochon-dritis of the medial aspect of the lateral femoral condyle with a rim of edema and Grade II degeneration of the posterior horn of the medial meniscus”. Further, Dr. Davis stated that he found no signs of the “touch me not tenderness”, or hysteria, described by Dr. Aiken. Dr. Davis’ final diagnosis was cervical and lumbar syndrome and arthritis of the left knee. The claimant eventually stopped seeing Dr. Davis because she could no longer afford to pay him.
The claimant was also treated by Dr. Wayne Critchfield, a chiropractor. He diagnosed the claimant as having a dislocation subluxation of the L5-S1, neurogenic tendencies into the right leg, muscle spasms, and grade III pain.
The defendant paid worker’s compensation benefits to the claimant at the rate of $124.90 per week from October 27, 1992, until November 30, 1992, and from December 10, 1992, until December 28,1992.
The matter was tried on November 10, 1993. The claimant testified that she was disabled from October 27,1992, until November 30, 1992, and from December 10, 1992, until the time of trial. The defendant did not dispute the occurrence of the accident or the claimant’s initial disability. However, the defendant did dispute the claimant’s continuing disability and that the disability was the result of the work place accident.
On February 10, 1994, the trial court rendered judgment in favor of the claimant. The judgment provided that the claimant was entitled to the payment of all medical benefits, medication expenses, and transportation expenses from October 27, 1992, -until the date of judgment; that the claimant^ was entitled to | ¡¡receive disability benefits from the defendant at the rate of $124.90 per week from December 29, 1992, until the date of judgment; that the defendant was to be given credit for all disability payments and medical payments that had previously been made; that the defendant had not been arbitrary or capricious in its refusal to pay benefits; that the defendant would provide the claimant with physical therapy and diagnostic testing as prescribed by Dr. Davis, as well as an updated medical examination; and that the defendant was entitled to a current medical evaluation of the claimant by Dr. Aiken. From this judgment, the defendant has appealed.

ASSIGNMENTS OF ERROR

The defendant has assigned the following errors by the trial court: (1) the court committed manifest error in that it ignored documentary and objective evidence which contradicted the claimant’s assertion of injuries caused by the work related accident; and (2) the court erred in finding that the claimant’s work related accident aggravated a pre-exist-ing condition in light of the direct evidence from both treating physicians that neither knew of the pre-existing condition or considered it in their diagnosis and treatment.

*1287
LAW

A claimant in a worker’s compensation proceeding initially has the burden of establishing disability and its causal relation with the employment accident by a preponderance of the evidence. Walton v. Normandy Village Homes Ass’n., Inc., 475 So.2d 320, 324 (La.1985). A claimant’s disability is presumed to have resulted from an accident if the injured person was in good health prior to the accident but, commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards. There must also be sufficient medical evidence to demonstrate a reasonable possibility of a causal | f,connection between the accident and the disabling condition. Id. Further, the existence of a preexisting condition does not disqualify a claim if the work place injury aggravated, accelerated, or combined with the condition to produce death or disability for which compensation is claimed. Id.
A claimant who is entitled to temporary total disability benefits receives sixty-six and two-thirds percent of his wages during the period of disability. La.R.S. 23:1221(l)(a). To qualify for temporary total disability benefits, an employee must prove by “clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment....” Id. The clear and convincing burden of proof is an intermediate standard which requires proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt. Succession of Bartie, 472 So.2d 578, 582 (La.1985).

ANALYSIS

We begin by noting that the record contains clear and convincing evidence that the claimant was disabled at the time of trial. Of the several physicians who examined the claimant, only one, Dr. Aiken, felt that she was not disabled. However, as the trial court noted, Dr. Aiken’s testimony is undercut by the fact that two days after he discharged the claimant a physician at the Doctors Hospital diagnosed her as having a lower back sprain. In contrast to Dr. Aiken’s testimony, both Dr. Davis and Dr. Critchfield diagnosed the claimant as being disabled. Based on the foregoing, we conclude that the claimant established by clear and convincing evidence that she was disabled at the time of trial. Therefore, the trial court did not err in awarding her benefits pursuant to La.R.S. 23:1221. Accordingly, the defendant’s first assignment of error is without merit.
|7In its second assignment of error, the defendant argues the trial court erred in ruling that the work place accident aggravated the claimant’s pre-existing medical conditions. The trial court found, based on the claimant’s medical records, that she had preexisting conditions of arthritis in her knee and back pain and that the work place accident aggravated these conditions. Thus, the trial court ruled that under Walton, swpra, the claimant was entitled to recover worker’s compensation benefits. The defendant, however, contends that the trial court erred in finding that the accident aggravated the claimant’s pre-existing conditions because she did not tell either of the physicians that treated her, Dr. Aiken and Dr. Davis, that she had previously had pain in her knee and lower back.
We note that the trial court’s finding that the work place accident caused an aggravation of the claimant’s pre-existing conditions is factual and thus is subject to the manifest error standard of review. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Rosell v. ESCO, 549 So.2d 840 (La.1989). Having reviewed the medical evidence, we find that the claimant had sought treatment for pain in her knee and lower back previous to the accident. Thus, the record establishes the existence of pre-exist-ing conditions on the part of the claimant. Further, the claimant testified that she did not inform either Dr. Aiken or Dr. Davis that she had previously sought treatment for her knee and back. Based on this testimony, the defendant argues that the trial court erred in finding an aggravation of a pre-existing condition because neither Dr. Aiken nor Dr. Davis was aware of any pre-existing condition; therefore, according to the defendant, *1288 neither doctor could have diagnosed an aggravation of a pre-existing condition.
However, the fact that neither Dr. Aiken nor Dr. Davis was informed of the claimant’s pre-existing conditions is not dispositive because the record clearly |greveals the existence of the conditions. The real question is whether the claimant has established a causal connection between the accident and the aggravation of her pre-existing conditions. The defendant points us to Williams v. Louisiana Coca-Cola Co., 94-810 (La.App. 5th Cir. 3/1/95), 652 So.2d 108, writ denied, 95-0797 (La. 5/12/95), 654 So.2d 349, a case in which an employer contested a worker’s compensation claim on the basis that the claimant was intoxicated at the time of the accident. Tests taken after the accident indicated that the claimant had used cocaine. Nevertheless, the claimant testified that he had not been intoxicated at the time of the accident. The claimant further testified that the accident had been caused by the fault of another employee. The trial court found the claimant’s version of events credible and thus awarded him compensation benefits. We reversed, finding that the objective medical evidence, namely the drug test results, plainly contradicted the claimant’s story and thus cast serious doubt on his credibility. Id. at 112-13.
In the instant case, the objective medical evidence supports, rather than harms, the claimant’s case. The medical records indicate that the last time the claimant sought treatment for her knee prior to the work place accident was April 20, 1992, and the last time she sought treatment for her back prior to the accident was March 19, 1991. Thus, the record establishes that the claimant had not been treated for knee pain for more than six months prior to the accident and had not been treated for back pain for more than a year and a half prior to the accident. Immediately after the accident, of course, the claimant complained of severe knee and back pain which continued until the time of the trial. In short, we find, as did the trial court, that it is more likely than not that the claimant’s work place accident aggravated her pre-existing knee and back conditions. This is sufficient to satisfy |9the claimant’s burden under Walton, supra. Based on the foregoing, we hold that the trial court did not err in finding that the claimant established a causal connection between her accident and the aggravation of her preexisting conditions.
In summary, the judgment appealed from is affirmed in all respects.
AFFIRMED.