673 So.2d 1223 (1996)
James E. FOX
v.
NATIONAL GYPSUM, INC.
No. 96-CA-25.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 1996.
*1225 William S. Vincent, Jr., William J. Delsa, Law Offices of William S. Vincent, Jr., New Orleans, for Plaintiff/Appellant.
Rodney A. Seydel, Toni L. Giordano, Hoffman, Sutterfield & Ensenat, New Orleans, for Defendant/Appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Claimant, James E. Fox, appeals a judgment by the Office of Worker's Compensation which sustained an exception of res judicata brought by defendant, National Gypsum, Inc. For the following reasons, we affirm.

FACTS/PROCEDURAL HISTORY
In May of 1988, claimant injured his lower back while working for defendant. Thereafter, he filed a worker's compensation claim based on the injury. On January 21, 1992, claimant settled his claim against defendant for $54,500. Claimant returned to work for defendant in November of 1992.
On November 24, 1993, while in the course and scope of his employment, claimant allegedly injured his lower back when he attempted to remove two pieces of sheetrock from a pile. Following the incident, defendant sent claimant to be examined by Dr. Samuel Logan. Dr. Logan diagnosed claimant with recurrent lower back pain and placed him on modified work status.
Claimant returned to work but he continued to be bothered by back pain. He then took a two week vacation to rest his back but the pain persisted. On July 14, 1994, claimant went on his own to see Dr. Stuart Phillips. Dr. Phillips' reports were introduced into evidence. According to these reports, claimant's symptoms consisted of lower back pain which radiated into both of his lower extremities, muscle weakness, pain with bowel and urinary function, pain with sexual relations, and pain with coughing and sneezing. Dr. Phillips diagnosed claimant as having a herniated lumbar disc and placed him on light work status.
Subsequently, on November 10, 1994, Dr. Phillips requested that defendant authorize an MRI for claimant. The defendant refused and instead sent claimant to be examined by Dr. Robert Steiner, who had previously treated him for his May, 1988 back injury. Dr. Steiner's deposition was admitted into evidence. In short, Dr. Steiner concluded that claimant failed to exhibit any objective symptoms. In fact, he characterized claimant's symptoms as the "same thing he's been complaining about for years, back pain without any objective findings." Further, based on claimant's lack of objective symptoms, Dr. Steiner opined that claimant's word was the only evidence that he had injured his back again.
On cross examination, Dr. Steiner acknowledged that claimant's current condition could possibly be an aggravation of his previous injury. Nevertheless, Dr. Steiner concluded that claimant's condition had not changed since his prior injury and that he could continue working, which claimant has done. Finally, Dr. Steiner stated that an MRI was unnecessary in the treatment of claimant because a positive result in the absence of any objective findings would be of no clinical benefit.
On June 27, 1994, claimant filed a disputed claim for compensation seeking medical treatment only. In its answer, defendant stated that it had "confected a settlement with the claimant for an earlier injury. This claim is for an aggravation of that injury. The prior settlement agreement bars any compensation for the current allegations." The trial court treated the foregoing defense as an exception of res judicata. On August *1226 8, 1995, the trial court ruled in favor of defendant, sustaining its exception of res judicata. Further, the court ruled that "[c]laimant has failed to prove his case." From this judgment, claimant has appealed.

ASSIGNMENTS OF ERROR
Claimant has assigned the following errors by the trial court: (1) the court erred in considering the defense of res judicata; (2) the court erred in finding that an accident did not occur on November 24, 1993; (3) the court erred in finding that claimant's symptoms following the alleged November 24, 1993 accident were not an aggravation of a pre-existing condition; and (4) the court erred in not requiring defendant to provide claimant with an MRI.

LAW
A claimant in a worker's compensation proceeding initially has the burden of establishing disability and its causal relation with the employment accident by a preponderance of the evidence. Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320, 324 (La.1985); Banks v. Jefferson Parish Sch. Bd., 95-779 (La.App. 5th Cir. 2/14/96), 670 So.2d 1284. A claimant's disability is presumed to have resulted from an accident if the injured person was in good health prior to the accident but, commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards. Id. There must also be sufficient medical evidence to demonstrate a reasonable possibility of a causal connection between the accident and the disabling condition. Id. Further, the existence of a pre-existing condition does not disqualify a claim if the work place injury aggravated, accelerated, or combined with the condition to produce death or disability for which compensation is claimed. Id.
A worker's testimony alone is sufficient to establish a work-related accident, provided that: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La.1992); Ball v. Dawsey Corp., 95-669 (La. App. 5th Cir. 11/28/95), 665 So.2d 566. When the claimant is the only witness to the accident, the burden of proof remains a preponderance of the evidence as opposed to clear and convincing evidence. Id. at 364; Jasmin v. St. James Parish Sch. Bd., 606 So.2d 15, 17 (La.App. 5th Cir.), writ denied, 607 So.2d 568 (La.1992).
La.C.C. art. 3071 provides that a "transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." La.C.C. art. 3078 states that "[t]ransactions have, between the interested parties, a force equal to the authority of things adjudged." Thus, a compromise or settlement can serve as the basis for an exception of res judicata.[1]Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La.1987). Pursuant to La.C.C.P. art. 927(B), the objection of res judicata may not be supplied by the court but instead must be "specially pleaded" by the party asserting it.
Louisiana law allows, but does not favor, the compromise or settlement of worker's compensation claims. The relevant statute *1227 is La.R.S. 23:1271, which states in pertinent part:
A. It is stated policy for the administration of the worker's compensation system of this state that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this Chapter shall be allowed only:
(1) upon agreement between the parties, including the insurer's duty to obtain the employer's consent;
(2) when it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and
(3) upon the expiration of six months after termination of temporary total disability.
Any compromise of a worker's compensation claim must be approved by the hearing officer. In pertinent part, La.R.S. 23:1272 provides:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.
The mandate of La.R.S. 23:1272 that any settlement must be submitted by joint petition of the parties to the hearing officer for approval is also codified at § 2169 of the Hearing Rules for the Office of Worker's Compensation ("Hearing Rules").

ANALYSIS
Claimant initially contends that the trial court erred in considering defendant's exception of res judicata. Claimant argues that the exception of res judicata was not properly before the court because the defendant never filed such an exception and, as mentioned above, the court may not raise such an objection on its own motion. See La.C.C.P. art. 927(B). Defendant, on the other hand, asserts that it adequately raised the objection of res judicata in its answer to the disputed claim for compensation.
We agree with defendant that the exception of res judicata was sufficiently raised before the trial court. It is true that defendant did not file a pleading labelled "Exception of Res Judicata". However, in its answer, defendant asserted that claimant was precluded from receiving compensation for his injury based on the prior settlement. Pursuant to La.C.C.P. art. 865, we are required to construe every pleading as to do substantial justice. As mentioned earlier, a settlement or compromise can serve as the basis for an exception of res judicata. See Rivett, supra. Based on defendant's attempted use of the earlier settlement as a bar to the instant action, we conclude that the objection of res judicata was properly raised before the trial court.
Nevertheless, there remains a question as to whether the trial court was correct in maintaining the exception of res judicata. As mentioned earlier, the law does not favor the settlement of worker's compensation claims. Thus, any such settlement must be presented to the hearing officer for approval by joint petition of the parties. La.R.S. 23:1272; Hearing Rules, § 2169. The defendant is relying on the compromise of claimant's prior injury as the basis of its res judicata exception in the instant matter. Therefore, the burden of proof is on the defendant to establish the validity of the compromise. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 747.
In the recent case of Nelams v. Allen's TV Cable, 95-444 (La.App. 3d Cir. 11/2/95), 664 So.2d 563, the Third Circuit affirmed a judgment which sustained the employer's exception of res judicata. The employer's exception *1228 was based on a settlement it had entered into with the claimant. Id. at 564. The settlement had been approved in an order issued by the hearing officer who presided over the case. Id. Based on the hearing officer's approval of the settlement, the court concluded that the requirements of La.R.S. 23:1272 had been satisfied. Id. at 566. Accordingly, the court affirmed the granting of the defendant's exception of res judicata. Id.
In the instant case, there is no evidence in the record that the settlement executed by claimant was ever submitted to the hearing officer who heard the initial claim for compensation based on the 1988 injury. Accordingly, claimant's settlement of his prior back injury has not received the necessary approval. Thus, unlike in Nelams, supra, the settlement executed by claimant herein does not satisfy the requirements of La.R.S. 23:1272 and § 2169 of the Hearing Rules. As the language of the statute is mandatory, i.e., the settlement "shall be presented to the hearing officer for approval....", we are forced to hold that the settlement of claimant's 1988 injury is invalid as the basis of an exception of res judicata in this case. Consequently, the trial court erred in sustaining the defendant's exception of res judicata.
Based on the foregoing, the judgment appealed from may not be affirmed on the basis of res judicata. However, the trial court also ruled against claimant because he had "failed to prove his case." The claimant challenges this ruling, arguing that the trial court erred in finding that claimant was not injured in a work place accident on November 24, 1993 and that his symptoms following the accident were not an aggravation of a pre-existing condition.
The record reveals that, although other workers were present at the time, claimant was the only witness to testify regarding the circumstances of the alleged accident. Pursuant to Bruno, supra, claimant must initially show that no other evidence discredits or casts serious doubt upon his version of the accident. From our review of the record, we conclude that claimant's assertion that he pulled his back while trying to remove sheetrock from a pile is plausible. Moreover, defendant introduced no evidence to refute claimant's version of how he was allegedly injured. See Ball, supra, 665 So.2d at 568. Thus, we find that claimant has satisfied the first part of the Bruno test.
The real question is whether the medical evidence in the record corroborates claimant's assertion that he injured his back while picking up sheetrock. The second part of the Bruno standard requires that claimant's testimony be corroborated by circumstances following the alleged accident. In Ball, we recognized that medical evidence and testimony may be used to corroborate or refute a claimant's assertion of a work place accident. 665 So.2d at 568-69. In the instant case, the trial court reviewed the medical evidence and concluded that claimant had not suffered an injury as a result of the November 24, 1993 incident. Claimant, on the other hand, argues that the medical evidence established an aggravation of his pre-existing back condition.
The trial court's conclusions regarding the medical evidence are factual and thus are subject to the manifest error standard of review.[2]See Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial court clearly found persuasive Dr. Steiner's opinion that claimant did not require an MRI because he exhibited no objective symptoms. Having reviewed the record, we cannot say that the court was clearly wrong in doing so.
Claimant argues that the trial court erred in relying on the diagnosis of Dr. Steiner rather than Dr. Phillips. Dr. Phillips, of course, recommended that claimant undergo an MRI. Claimant bases his argument on the rule that the diagnosis of a claimant's treating physician is entitled to more weight *1229 than that of a physician who sees the claimant for litigation purposes only. Orgeron v. Prescott, 93-926 (La.App. 5th Cir. 4/14/94), 636 So.2d 1033, 1041, writ denied, 94-1895 (La.10/28/94), 644 So.2d 654.
In the instant case, Dr. Steiner is the only physician who examined claimant for both his 1988 injury and his current condition. Thus, of the physicians who examined claimant, Dr. Steiner was in the best position to determine whether claimant had aggravated his pre-existing back condition. Dr. Steiner stated that claimant's symptoms and physical condition are unchanged since his previous injury. Perhaps most importantly, Dr. Steiner testified that there is no objective medical evidence that claimant was injured on November 24, 1993. Based on this lack of objective evidence, Dr. Steiner stated that an MRI is unnecessary for claimant.
We have recently recognized that "the testimony of the treating physician is entitled to great weight, [but] the trial court is not bound by it...." Jackson v. A.I.A., 94-371 (La.App. 5th Cir. 11/16/94), 646 So.2d 1088. Therefore, the trial court does not have to "follow the treating physician's testimony when the weight of evidence points in the opposite direction." Ramogasse, 666 So.2d at 1179. Based on our review of the medical evidence in the record, we agree with the trial court that the weight of the evidence supports Dr. Steiner's opinion. Accordingly, we find no manifest error in the trial court's determination that claimant was not injured in a work place accident on November 24, 1993.
In his fourth assignment of error, claimant asserts that the trial court erred in not requiring defendant to provide him with an MRI. As we have concluded that claimant has failed to carry his burden of proof in establishing that he was injured in a work place accident, this assignment of error is necessarily without merit.
Based on the foregoing, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] In Louisiana, res judicata is provided for by statute. La.R.S. 13:4231 states:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[2] This is so even though all of the medical evidence was submitted via reports and deposition testimony. As we recently reiterated in Ramogasse v. Lafitte Welding Works, 93-682 (La.App. 5th Cir. 12/13/95), 666 So.2d 1176, 1179, the manifest error standard is premised on the "proper allocation of trial and appellate functions between the respective courts[,]" as well as on the trial court's opportunity to view the demeanor of witnesses. (quoting Virgil v. American Guarantee and Liab. Ins. Co., 507 So.2d 825, 826 (La. 1987)). Thus, even where factual findings are based solely on deposition testimony and reports, the manifest error standard applies. See Fiffie v. Borden, Inc., 618 So.2d 1199, 1201 (La.App. 5th Cir.), writ denied, 624 So.2d 1235 (La.1993).