803 So.2d 392 (2001)
Leo Wayne GRAVES, Plaintiff-Appellant,
v.
Essie Graves FIELDS, Defendant-Appellee.
No. 35,411-CA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2001.
*393 Leo Wayne Graves, Pro Se Appellant.
Sibley, Hall & Stamps, L.L.C. by Ron Christopher Stamps, Shreveport, Counsel for Appellee.
Before NORRIS, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
Plaintiff/Appellant, Leo Wayne Graves, seeks review of a judgment sustaining a peremptory exception of res judicata and awarding sanctions against him for filing unwarranted proceedings. For the reasons stated herein, the judgment of the trial court is affirmed.

FACTS
In November and December 2000, Leo Wayne Graves filed pro se pleadings attacking the interdiction of his mother, Essie Lee Graves, and the curatorship of his sister, Essie Graves Fields. In January 2001, Essie Graves Fields filed a peremptory exception of res judicata, along with a motion for sanctions and costs. Ms. Fields asserted that Mr. Graves' claims were barred by the doctrine of res judicata because the same claims had been decided previously in an action entitled "ESSIE GRAVES FIELDS V. ESSIE LEE GRAVES," Docket No. 449,225-B in the First Judicial District Court, Parish of Caddo. Ms. Fields also asserted that Mr. Graves' petition was not warranted by the law or the facts and was in contravention of the provisions of Article 863 of the Louisiana Code of Civil Procedure. Accordingly, Ms. Fields sought both dismissal of Mr. Graves' petition and reasonable expenses, including reasonable attorney fees.
The matter came on for hearing before District Judge Scott J. Crichton, the same judge who presided over the action bearing Docket No. 449,225-B. Ms. Fields was represented by counsel; Mr. Graves was representing himself. After hearing argument from both counsel for Ms. Fields and from Mr. Graves, Judge Crichton made the following remarks:
Let me say this, the last thing that I enjoy doing in terms of the job that I have is involving myself in family matters of this magnitude; however, that's part of the job. And when I am randomly assigned a case, I deal with it from start to finish, and it is completed. I didn't ask for this case. It was assigned at random pursuant to the law and rules of this Court.
We had a full hearing up on the fourth floor, as I recall, and I don't think I am incorrect about this, I encouraged anybody who had anything to say on either side of this matter to provide testimony. We relaxed the Code of Evidence, so that individuals could tell the court their views on this, and it was somewhat of an informal hearing. Everybody said everything they wanted to as far as I know.
And at the end of the case, I ruled based on the law and the evidence. And I understand that there were people who were not satisfied with that, because it was a very sensitive, delicate family matter which strikes the heart of a number of family members. Some family members were happy. Some family members were unhappy. That's unfortunate, but that's the nature of litigation. One side generally is going to be unhappy. And I understand that.
The remedy for the dissatisfaction with the ruling is through an appeal with *394 the Court of Appeal, Second Circuit. There was no appeal taken, the judgment is final.
This request addresses the same subject matter, and if this request is allowed, then any other family member who is unhappy can come back and allege the same thing and invoke a hearing and a trial. And there comes a time when, you know, it would become ridiculous because we are litigating the same issue which essentially is the interdiction of Ms. Essie Graves Fields. That's already been done. And based on medical testimony and testimony of witnesses, the Court made some difficult decisions and some calls that were difficult. And I hope that everybody understands that I worried about it, wrestled with it, dealt with it, but once the ruling is made, the remedy is the Court of Appeal. And if that's not pursued, then at a certain point, in accordance with law, any appeal is barred by the passage of time. And I assume that's the case here.
In my opinion, in reading the motion which has been filed in 454,687, it seeks to address the same issues that were fully litigated in Docket No. 449,225. It is my view that the peremptory exception of res judicata filed by Mr. Stamps [counsel for Essie Graves Fields] has merit, and it will therefore be granted.
Judge Crichton then heard argument concerning sanctions, particularly attorney fees. Mr. Graves opposed sanctions, arguing that he had nothing to do with the first litigation in which his brother, Ulysses Graves, had raised the same issues now raised in the instant suit.
Mr. Graves asserted he was "not involved" in that litigation. In response to questioning by Judge Crichton, however, Mr. Graves admitted that he knew about the prior litigation and knew that there was a hearing concerning his mother's interdiction. He also admitted knowing that issues he wanted to address in his action had already been dealt with by the court in the prior matter. Judge Crichton then took the matter of attorney fees and sanctions under advisement. On February 7, 2001, Judge Crichton rendered judgment sustaining the peremptory exception of res judicata and awarding Ms. Fields $1,500 in attorney fees to be paid by Mr. Graves. This appeal followed.

DISCUSSION
The provisions of La. R.S. 13:4231, concerning res judicata, state:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
*395 The official revision comments to R.S. 13:4231 state, in pertinent part, that the statute, as amended in 1990, adopts the principle of issue preclusion and that this principle serves the interest of judicial economy by preventing relitigation of the same issue between the same parties.
Although the judicial record in the prior action bearing Docket No. 449,225-B was not made a part of the record in the trial court in the instant case, and is not a part of the record on appeal, Mr. Graves does not assert that he is raising new issues not considered in the former proceedings. Furthermore, Judge Crichton's statements at the hearing in the instant case, as well as Mr. Graves' responses, indicate that Mr. Graves is raising the same issues that already were litigated in the prior action. Thus, our focus is on the issue of whether the litigation in the instant case can be said to be litigation "between the same parties."
In Hudson v. City of Bossier, 33,620 (La.App.2d Cir.8/25/00), 766 So.2d 738, writ denied, 00-2687 (La.11/27/00), 775 So.2d 450, this court discussed the meaning of "identity of the parties:"
Identity of the parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity....
As noted in Terrebonne Fuel & Lube, Inc., [v. Placid Refining Company, 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624], Louisiana's res judicata law was broadened by the 1990 amendment that is now in line with federal provisions. Under federal law, the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interest of the party and the nonparty are so closely aligned.... (Citations omitted.)
In the case sub judice, Mr. Graves sought to overturn his mother's interdiction and also to have Essie Graves Fields removed as curator. We note that the party in interest in the prior proceedings obviously was the mother, Essie Lee Graves. Her legal interests were represented in the prior matter and her judgment of interdiction became final and definitive because it was not timely appealed. Although Mr. Graves now seeks to overturn the interdiction and attack the curatorship, he does not allege any new facts or circumstances bearing on these matters. Instead, he raises the same issues that were raised in the previous proceedings, and he raises them on behalf of his mother who was the real party in interest in the prior proceedings. Thus, because of the legal nature of interdiction proceedings, the requirement of "the same parties" is satisfied, and the prior judgment of interdiction is res judicata. We note, in particular, that the issues raised by Mr. Graves may not be raised again because they are subject to the principle of issue preclusion under the provisions of R.S. 13:4231(3). Although Mr. Graves may certainly have concerns that his mother's legal interests were not properly served in the prior judicial proceedings, his concerns do not change the fact that his mother is the real party in interest and it is her legal rights and interests, not his, that he now seeks to relitigate.
Finally, we turn to the question of sanctions in the form of attorney fees. Under the provisions of La. C.C.P. art. 863(B), the signature of an attorney or a party on a pleading constitutes a certification *396 by him that he has read the pleading; that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact; that it is warranted by existing law or good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The trial court's decision to grant or deny sanctions will not be reversed unless it is manifestly erroneous. City of Ruston v. Perritt, 30,896 (La. App.2d Cir.9/23/98), 718 So.2d 1044. The obligation imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and law; subjective good faith will not satisfy the duty of reasonable inquiry. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990).
Although we realize that Mr. Graves is not an attorney and probably is not familiar with the principles of res judicata and issue preclusion, any subjective belief on his part that he made a reasonable inquiry into the facts and the law is not sufficient to satisfy the duty of reasonable inquiry. See Diesel Driving Academy, supra. Mr. Graves knew of the prior action and admitted in court that he sought to relitigate the same issues. Accordingly, we find no manifest error in the trial court's decision to grant sanctions in this case and we affirm the trial court's award of $1,500 in attorney fees.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at Plaintiff/Appellant's, Leo Wayne Graves, cost.
AFFIRMED.