833 So.2d 1084 (2002)
Sallie S. West HARRIS, Plaintiff-Appellant,
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellee.
No. 36,591-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
Rehearing Denied January 23, 2003.
Sallie S. West Harris, In Proper Person.
Beard and Sutherland, by Fred H. Sutherland, for Appellee.
Before STEWART, KOSTELKA and DREW, JJ.
KOSTELKA, J.
Sallie S. West Harris ("Harris") appeals the judgment of the Workers' Compensation Judge (the "WCJ") sustaining the exception of res judicata in favor of her *1085 employer, the Caddo Parish School Board (the "School Board"). For the reasons set forth, we affirm.

FACTS
Harris was formerly employed by the School Board as a food service worker. On January 23, 1996, while in the course and scope of her employment, Harris slipped and fell in the cafeteria of the school where she was working. As a result, the School Board paid her indemnity and medical benefits. The School Board claims that although Harris was approved to return to work with restrictions, she resigned her employment. Subsequently, in April of 1998, she filed her Disputed Claim for Compensation with the Office of Workers' Compensation.[1]
On May 25, 2001, in accordance with a joint petition to settle workers' compensation claim (the "settlement"), a hearing was held regarding the settlement between Harris and the School Board at which the WCJ thoroughly questioned Harris (under oath and on the record) regarding the provisions of the settlement. After Harris indicated her understanding of and willingness to enter into the settlement, the WCJ approved the settlement of all of Harris's claims against the School Board in connection with the January 23, 1996 accident. An Order evidencing the settlement was entered the same day by the WCJ. That particular Order was not appealed by Harris. As a result of the settlement, the WCJ dismissed the claims of Harris against the School Board with prejudice on June 4, 2001. This judgment was not appealed by Harris, although she did file a motion to set aside the settlement which was denied by the WCJ following a hearing of the matter. Again, Harris did not appeal that particular Order of the WCJ.
Shortly thereafter, Harris filed a second Disputed Claim for Workers' Compensation referring to the same accident as in the previous claim. The School Board answered the disputed claim, including its peremptory exception of res judicata, which asserted the preclusive effect of the previous settlement. A hearing was held on the School Board's res judicata exception, and Harris, despite being notified by certified mail (a return receipt of which was filed in the record), was not in attendance. After hearing evidence on the School Board's exception, the WCJ sustained same determining that the issues of the instant claim had been settled previously by the parties. A judgment was entered dismissing Harris's claims, and this appeal by Harris ensued.

DISCUSSION
Harris appears in this appeal pro se, and whereas her assignment(s) of error are difficult to ascertain, it seems she generally argues that the WCJ erred in sustaining the School Board's exception of res judicata.
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. La. R.S. 13:4231 defines res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

*1086 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Pursuant to Comment (a) of this statute, the central inquiry is not whether the second action is based on the same cause or cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. See also, Davis v. Home Depot, 96-850 (La.App. 5th Cir.02/25/97), 690 So.2d 208, writ denied, 97-0728 (La.05/01/97), 693 So.2d 740.
An exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction. Ortego v. State, Dept. of Transp. and Development, 96-1322 (La.02/25/97), 689 So.2d 1358; Brown v. Drillers, Inc., 93-1019 (La.01/14/94), 630 So.2d 741; Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356 (La.1987); Nelams v. Allen's TV Cable, 95-444 (La.App. 3d Cir.11/02/95), 664 So.2d 563. Such an exception is legally appropriate, because a valid compromise has the legal efficacy of a judgment. Brown, supra; Aufrichtig v. Aufrichtig, 34,909 (La.App.2d Cir.08/22/01), 796 So.2d 57.
Considering these principles, we determine that res judicata obviously applies in the case sub judice to bar relitigation of Harris's present claims. Here, the second claim clearly arises out of the same precise occurrence (i.e., the January 23, 1996 workplace slip and fall) as the first claim, which was settled by the parties. Harris's Disputed Claim for Compensation from the first action specifically stated the date of injury as January 23, 1996. In her second claim against the School Board, she states the same date of injury. Harris fails to allege anything to suggest that this claim is somehow separate and distinct from her earlier claim. See, Robinson v. P.M.I. (Portioned Meats Inc.), XXXX-XXXX (La.App. 1st Cir.05/10/02), 818 So.2d 937.
Additionally, as will be further discussed herein, the Order approving the settlement, as well as the Receipt and Release signed by Harris, served to release the School Board from any and all claims by Harris arising out of the January 23, 1996 workplace accident. There is no ambiguity as to the intent of the parties regarding the settlement and to what it pertained.
However, in addition to proving its claim of res judicata, the School Board is further burdened with establishing the validity of the settlement since it is relying on its res judicata effect. See, Nelams, supra. We believe the settlement was valid.
Louisiana R.S. 23:1272 pertains to the compromise settlements of workers' compensation claims, and it states in pertinent part as follows:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.
. . . .

*1087 C. When the employee or his dependent is not represented by counsel, the workers' compensation judge shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement, and shall approve it by order, unless he finds that it does not provide substantial justice to all parties, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
. . . .
At the hearing on the School Board's exception, the School Board introduced the following settlement documents: (1) The WCJ's May 25, 2001 Order approving the settlement between Harris and the School Board; (2) the notarized Receipt and Release by Harris dated May 25, 2001; and (3) the WCJ's June 4, 2001 Order dismissing the claims of Harris in accordance with the previous Order approving the settlement.[2]
Specifically, in the Receipt and Release Harris acknowledged receipt of $13,678.89, in consideration for releasing the School Board from:
[a]ny and all claims, actions, demands and causes of action, which the said [Harris] now has or may hereafter acquire against all or any of them, and from all liability, costs, expenses, attorney fees, damages, workers' compensation benefits, medical expenses, disability, and all other consequences of any kind or character which are in any way connected with, arise our of, or result from the accident which is alleged to have occurred on January 23, 1996 ... and any other accident, incident, injury or disease which occurred at any other time during [Harris's] employment with the [School Board] and subsequent thereto through the date of execution of this release.
The May 25, 2001 Order also stated that the payment by the School Board served to fully compromise "any and all claims" that Harris had against the School Board arising from the January 23, 1996 workplace accident or any other accident during Harris's employment with the School Board. Additionally, the transcript of the hearing regarding the settlement clearly shows that the WCJ carefully ascertained Harris's understanding of the terms and conditions of the settlement. At that hearing, the WCJ thoroughly questioned Harris as follows:
Q: Have you had an opportunity to review the settlement?
A: Yes.
Q: And did you understand the terms of the settlement?
A: Yes.
Q: Are you in agreement with it?
A: Yes.
. . . .
Q: Do you understand that by entering into this settlement that you will never ever be able to go back and *1088 sue your employer as a result of the accident that occurred?
A: Yes.
Q: Specifically the accident that occurred on January 23rd of 1996?
A: Yes.
Q: Do you also understand that will mean that for whatever medical expenses that you may be incurring from this point, that you will be responsible for payment of those medical expenses? Do you understand that?
A: Yes.
Q: And that you will never ever be able to go back and sue your former employer?
A: Yes.
Q: Has anyone threatened you, harassed you, forced you or put you in duress to enter into this settlement?
A: No.
Q: Are you entering into this settlement of your own free will and accord?
A: Yes.
A review of the legal procedure underlying the settlement between Harris and the School Board discloses that the settlement was entered into pursuant to the strict requirements of the Workers' Compensation Act and was valid. Moreover, without a showing of fraud or misrepresentation, there are no grounds for setting aside the settlement. Therefore, in light of the settlement's validity, we determine that the settlement of Harris's claims first brought against the School Board has a res judicata effect as to the subsequent claims brought by Harris arising from the same workplace accident.

CONCLUSION
The judgment of the WCJ in favor of the Caddo Parish School Board is affirmed, with costs of this appeal assessed to Sallie S. West Harris.
AFFIRMED.

APPLICATION FOR REHEARING
Before STEWART, PEATROSS, KOSTELKA, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] At that time, Harris's surname was "West." Sometime subsequent to the filing of this claim, she married and her surname became "Harris."
[2] Harris failed to appear at the hearing on the School Board's exception of res judicata, despite receiving notice of same. The record reflects that service of the Order setting said hearing was made via certified mail. Pursuant to La. R.S. 23:1310.3(C), service of notice of the hearing by certified mail was proper and sufficient. On March 2, 2002, in an unsigned motion, Harris moved to reset the scheduled March 11, 2002 hearing (along with a variety of other requests); however, she gave no reasons for her request. The motion was apparently denied by the WCJ. A trial judge is vested with wide discretion in granting or denying a continuance under La. C.C.P. art. 1601, and such ruling will not be disturbed on appeal in the absence of clear abuse. Connor v. Scroggs, 35,521 (La.App.2d Cir.06/12/02), 821 So.2d 542, citing, Sauce v. Bussell, 298 So.2d 832 (La.1974); Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2d Cir. 1992).