I,JOAN BERNARD ARMSTRONG, Judge.
The plaintiff, Hezekiah Dwight, was injured while in the course and scope of his employment with defendant, HCI, on August 28, 1997. The plaintiff retained counsel and obtained a settlement with his employer for the injuries sustained in the incident. The workers compensation judge approved the settlement on October 30, 1998. Two years later, on November 6, 2000, the plaintiff, pro se, filed a disputed claim for compensation concerning the same incident and injuries. The workers compensation judge conducted a hearing on plaintiffs claim on February 25, 2002. The plaintiff failed to appear at the hearing. After reviewing the plaintiffs disputed claim for compensation, the workers compensation judge noted that the plaintiff did not allege any of the requirements of La. R.S. 23:1272B which would permit the setting aside of a settlement. The workers compensation judge rendered a judgment from the bench dismissing plaintiffs claim with prejudice.
The hearing transcript reveals that the plaintiff appeared in court approximately one hour later. The workers compensation judge explained her ruling to the plaintiff. A written judgment dismissing the plaintiffs claim with - prejudice was signed the same day. The plaintiff, pro se, appeals the dismissal of his claim with prejudice.
| ?La. R.S. 23:1272B(2) provides that an order approving a workers compensation settlement shall not “be set aside or modified except for fraud or misrepresentation made by any party.” The plaintiff made no allegations of fraud or misrepresentation by his employer in the disputed claim for compensation filed on November 6, 2000. Nor did he make any such allegations when he appeared in court on February 25, 2002. Thus, the workers compensation judge did not commit error when she dismissed the plaintiffs claim with prejudice.
Further, La. C.C.P. article 1672 allows a trial court to dismiss a plaintiffs claim with prejudice when the plaintiff fails to appear on the day set for trial.
For the forgoing reasons, the judgment of the workers compensation judge is affirmed.
AFFIRMED.