850 So.2d 1001 (2003)
Johnny Mac BOND, Plaintiff-Appellant,
v.
Alton Ray BOND, Defendant-Appellee.
No. 37,264-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
Rehearing Denied August 14, 2003.
*1002 Culpepper & Carroll, PLLC, by Bobby L. Culpepper, Teresa C. Carroll, Jonesboro, for Appellant.
Johnson & Placke, Attorneys, by Kenneth Harper, West Monroe, for Appellee.
Before GASKINS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This is an appeal from a judgment of the trial court sustaining an Exception of Res Judicata filed by Defendant, Alton Ray Bond ("Alton"). The only issue is whether the trial court erred in sustaining the exception. Finding no error, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL BACKGROUND
This is a dispute among brothers over the cutting of timber on land that was owned by the brothers. Johnny Mac Bond and Herman C. Bond each owned an undivided one-fifth interest in the subject land and Alton Ray Bond owned an undivided three-fifth interest in the land. Alton cut timber on the land without Johnny's and Herman's permission; and, on September 16, 1999, Johnny and Herman filed suit in Jackson Parish against Alton (docket # 27,420, hereinafter "the first suit") alleging that Alton acted in "extreme bad faith" in cutting the timber without permission and had refused to account for the proceeds of the sale.[1] The petition prayed for treble damages for the bad faith cutting of the timber and attorney fees. That case went to trial and evidence was adduced regarding the cutting and sale of the timber. Finding that Alton had cut the timber without permission of Johnny and Herman, the trial court awarded Herman three times one-fifth of the total receipts of the timber cut with no set-off. As to Johnny, the trial court held that, although the timber was cut without his permission, his claim had prescribed because he admitted that he knew about the cutting of the timber more than one year prior to filing suit. Johnny did not appeal the judgment.
Subsequently, on April 17, 2001, Johnny filed the instant suit seeking an accounting and his one-fifth interest in the proceeds from the sale of the timber. Alton filed an Exception of Res Judicata based on the judgment in the first suit and it was sustained. On appeal, a panel of this court reversed and remanded the matter because there were no pleadings, judgment *1003 or any part of the record from the first suit (the suit on which the Exception of Res Judicata was based) filed into evidence in support of the exception from which the trial court (or this court) could determine the issue of res judicata. See Bond v. Bond, 35,971 (La.App.2d Cir.4/3/02), 813 So.2d 1148. On remand, the suit record in the first suit was introduced into evidence and Alton filed a second Exception of Res Judicata which was again sustained by the trial court. This appeal ensued.

DISCUSSION
There is no dispute in this case that both suits involved the same parties, but Johnny argues that the issue he now seeks to litigate was not addressed or litigated in the first suit. He submits, therefore, that the Exception of Res Judicata should have been denied. We disagree.
The party who urges the exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Harris v. Caddo Parish School Board, 36,591 (La.App.2d Cir.12/11/02), 833 So.2d 1084. La. R.S. 13:4231 provides as follows:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In Tate v. Prewitt, 33,895 (La.App.2d Cir.9/27/00), 769 So.2d 800, writ denied, 00-3203 (La.1/26/01), 781 So.2d 1265, we noted that our state's original doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of a cause of action. Under the above statute, as amended in 1991, however, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The comments to La. R.S. 13:4231 describe the central inquiry under the statute as not whether the second action is based on the same cause or cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. See comment (a) to La. R.S. 13:4231; Harris, supra, citing Davis v. Home Depot, 96-850 (La.App. 5th Cir.2/25/97), 690 So.2d 208, writ denied, 97-0728 (La.5/1/97), 693 So.2d 740. The comments go on to explain:
This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action" is *1004 avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.
In the recent opinion in Ken Lawler Builders, Inc. v. Delaney, 36,865 (La. App.2d Cir.3/5/03), 840 So.2d 672, we discussed this principle and its purpose:
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. This promotes judicial efficiency and final resolution of disputes. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so.
Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment.
Identification of issues actually litigated for purposes of determining whether res judicata bars an issue shall be determined not solely from the pleadings but also by examining the entire record in the first suit. (Internal citations omitted.)
In the case sub judice, Johnny characterizes his claim that was deemed prescribed in the first suit as one for treble damages only; and, he asserts that, once that claim was held prescribed, his personal claim for an accounting of the proceeds of the timber harvest arose and that this claim was timely filed in the current suit. As previously stated, Johnny argues that his claim for an accounting of his one-fifth interest in the proceeds of the sale of the timber was not actually litigated in the first suit and did not provide the basis for the judgment in the first suit and is, therefore, not barred by res judicata.
While he did not file a brief in the instant appeal, Alton argued to the trial court that there were allegations in the petition in the first suit that sought an accounting of the proceeds of the timber harvest in addition to allegations concerning tortious cutting of timber and the request for treble damages. Paragraphs eight and nine of the petition in the first suit state:

8.
That defendant has not paid petitioners their portion of the funds received nor has he even offered to pay petitioners their portion of the funds received.

9.
That defendant has failed and refused to account for said funds.
Based on these allegations, it is Alton's position that any challenge to the trial court's ruling on that petition should have been raised as an appeal in the first suit and not by the filing of a second suit.
After reviewing the record, which now contains the record in the first suit, we conclude that the allegations contained in and the issues raised by the petitions of both suits arise out of the same transaction and occurrence, i.e., the unauthorized timber harvest by Alton. A party "shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." La. C.C.P. art. 425(A). In this regard, we find that the above-quoted allegations from the petition in the first suit do reflect Johnny's intention to obtain an accounting of the proceeds of the timber harvest and, further, treble damages for the bad faith cutting of the timber.
Johnny emphasizes, however, that the reasons for judgment state that "[m]ore than a year has passed since [Johnny] had full knowledge of the tortious act," and *1005 that neither the reasons for judgment nor the judgment make reference to the claim for an accounting. Even so, all issues related to the cutting and sale of the timber, including a claim for an accounting, were extinguished with the rendition of the judgment and the judgment bars a second action arising out of the cutting and sale of the timber. A demand not granted in the judgment is deemed rejected and the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which tacit rejection has the force and effect of res judicata. Ken Lawler Builders Inc., supra, citing Edenborn v. Blacksher, 148 La. 296, 86 So. 817 (1920). Johnny's proper vehicle to pursue his claim for an accounting, therefore, was an appeal of the judgment in the first suit and not the filing of a second suit.
Johnny cites several cases which explain that, when a second suit involves a separate and distinct claim or remedy from those already litigated in a prior suit, res judicata is not applicable. See Graves v. Fields, 35,411 (La.App.2d Cir.12/19/01), 803 So.2d 392, writ denied, 02-0195 (La.4/12/02), 813 So.2d 405; Harris, supra; Tate, supra. We do not dispute the principle for which these cases stand, but our review of the record in the case sub judice reveals nothing to suggest that Johnny's claim for an accounting of his one-fifth interest in the proceeds of the sale of the timber is in some way separate and distinct from the earlier claims set forth in the petition in the first suit. See Harris, supra.
Johnny further asserts that an accounting of the proceeds of the sale of the timber was not essential to the judgment in the first suit; and, therefore, a claim for such accounting is not barred by res judicata. See La. R.S. 13:4231(3). To the contrary, an accounting of the proceeds was necessary in order for the trial court to fashion an award in favor of Herman in the amount of three times Herman's interest in the proceeds. Even though the award was in favor of Johnny's co-plaintiff, it reveals that the necessary accounting was made to the trial court in the first suit. In sum, the disputed transaction or occurrence was fully before the court and litigated in the first suit. The trial court, therefore, properly sustained the Exception of Res Judicata in the current suit.

CONCLUSION
For the reasons stated herein, the judgment of the trial court is affirmed at Johnny Mac Bond's cost.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.
NOTES
[1] La. C.C. art. 798 provides that co-owners of property share the fruits and products of the property in proportion to their ownership and are entitled to their shares of the fruits or products of the property after deduction of the costs of production.