h DAVID S. GORBATY, Judge.
In this workers’ compensation case, the claimant, Howard A. Guidry, Jr., appeals the granting of an-exception of res judicata in favor of his former employer, One Source Facility Services (“One Source”). For the reasons assigned below, we affirm.

FACTS AND PROCEDURAL HISTORY

On March 21, 2001, while in the course and scope of his employment with One Source, Mr. Guidry sustained a back injury. As a result, Mr. Guidry was paid indemnity and medical benefits. Mr. Gui-dry treated with Dr. Gregor Hoffman until he was released to return to work' on November 16, 2001. At that time, Dr. Hoffman determined that Mr. Guidry had reached maximum medical improvement. Thereafter, Mr. Guidry entered into settlement negotiations with One Source, resulting. in a settlement of $7,000.00. The Office of Workers’ Compensation (“OWC”) approved the settlement on January 31, 2002. A check in the amount of $7,000.00 was tendered to Mr. Guidry and his attorney, Matthew Kittock.
On January 7, 2004, Mr. Guidry again filed a Disputed Claim for Compensation (Form 1008) in connection with the March 21, 2001 accident. The | ¡.claim indicates that Mr. Guidry was seeking to overturn his prior workers’ compensation settlement because, as stated, “... at the time I was under a medication that didn’t agree with my thinking ability. I was misled and terrorized by insurer and job.”
In response, One Source filed an exception of res judicata and motion to dismiss. The matter was brought before the Honorable Gwendolyn Thompson of the OWC on August 17, 2004. Mr. Guidry failed to appear at the hearing, but was represented by Roderick Morris. The record reflects that Mr.' Guidry contacted the court via telephone on the morning of the hearing to inform the court that he would not be present. The matter proceeded without objection. At the conclusion of the hearing, the OWC judge granted the ex *628 ception of res judicata dismissing Mr. Gui-dry’s case with prejudice. Three motions filed by Mr. Guidry concerning choice of physician, motion for vocational rehabilitation and motion to compel, medical exam, were declared moot. A written judgment dismissing Mr. Guidry’s claim with prejudice was signed on August 19, 2004. The judgment states: “Claimant Howard Gui-dry failed to carry his burden of proof as to any grounds to set aside the settlement approved by this OWC court on January 31, 2002.” This appeal followed.

DISCUSSION

Mr. Guidry appears in this appeal pro se and has failed to specify assignments of error on the part of the OWC. Although his argument is difficult to ascertain, it seems that Mr. Guidry is claiming he was mentally impaired at the time of the settlement, stating, more specifically, that he was “ recovering from an overdose of morphine.”
|sAn exception of res judicata is the proper procedural vehicle when a suit is barred by a valid written compromise or transaction. Ortego v. State, Dept. of Transp. and Development, 96-1322 (La.02/25/97), 689 So.2d 1358; Brown v. Drillers, Inc., 93-1019 (La.01/14/94), 630 So.2d 741. The party who urges the exception of res judicata bears, the burden of proving its essential elements by a preponderance of the evidence. Harris v. Caddo Parish School Board, 36,591 (La.App. 2 Cir. 12/11/02), 833 So.2d 1084.
La. R.S. 13:4231 defines res judica-ta as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct, review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In addition to proving its claim of res judicata, One Source is further burdened with establishing the validity of the settlement since it is relying on the settlement as the basis of its res judicata exception. Harris at 1086; Fox v. National Gypsum, Inc., 96-25 (La.App. 5 Cir. 4/30/96), 673 So.2d 1223.
Louisiana law allows, but does not favor, the compromise or settlement of workers’ compensation claims. La. R.S. 23:1271 pertains to the compromise Lsettlements of workers’ compensation claims, and it states in pertinent part as follows:
A. It is stated policy for the administration of the workers’ compensation system of this state that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this Chapter shall be allowed only:
*629 (1) Upon agreement between the parties, including the insurer’s duty to obtain the employer’s consent;
(2) When it can be demonstrated that- a lump sum payment is clearly in the best interests of the parties; and
(B) Upon the expiration of six months after termination of temporary total disability. However, such expiration may be waived by consent of the parties.
La. R.S. 28:1272, also pertinent to this analysis, provides in part:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers’ compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.
B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers’ compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers’ compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.
In Nelams v. Allen’s TV Cable, 95-444 (La.App. 3 Cir. 11/2/95), 664 So.2d 563, the Third Circuit affirmed a judgment that sustained the employer’s exception of res judicata. The employer’s exception was based on a settlement entered into with the claimant. The settlement had been approved in an order issued by the hearing officer who presided over the case. Based on the hearing officer’s approval [sof the settlement, the court concluded that the requirements of La. R.S. 23:1272 had been satisfied.
Recently, in Dwight v. HCI, 02-2179 (La.App. 4 Cir. 4/16/03), 846 So.2d 113, we affirmed the granting of an exception of res judicata in favor of the employer where the claimant, who had entered into a settlement with his employer prior to bringing the second disputed claim, made no allegations of fraud or misrepresentation that justified modification of the settlement pursuant to La. R.S. 23:1272B(2).
At the hearing on the exception of res judicata in the present case, One Source introduced the signed settlement order from the OWC approving the settlement. Also introduced in connection with the settlement were the Motion and Order signed by Mr. Kittock[1] and the Receipt and Release signed by Mr. Guidry and Mr. Kit-tock. Clearly indicated in the Receipt and Release is Mr. Guidry’s assertion that he understood and agreed with the terms of the settlement. No objection was made to the introduction of the settlement documents.
The hearing transcript reveals that no evidence was presented in support of Mr. Guidry’s claim of mental impairment, nor was there any evidence introduced to show fraud or misrepresentation in connection with the settlement. In fact, Mr. Kittock testified at the hearing that Mr. Guidry did not appear to be impaired at the time he signed the settlement documents.
Finally, the depositions of Dr. Hoffman and Dr. Gordon Nutik were introduced *630 into the record. Both doctors opined that Mr. Guidry was able to return to work when he was discharged in November of 2001.[2] Furthermore, both | ^expressed the opinion that Mr. Guidry exaggerated his symptoms and that many of his complaints were inconsistent and unsupported by any medical explanation.
After a thorough review of the record, we find that the validity of the settlement was clearly supported by the evidence presented at the hearing. Furthermore, we agree with the trial court’s finding that Mr. Guidry failed to present any grounds for setting aside the workers’ compensation settlement. Accordingly, we find no manifest error on the part of the OWC.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the OWC granting the exception of res judicata and dismissing Mr. Guidry’s claim with prejudice.

AFFIRMED.

. Mr. Kittock was Mr. Guidry's attorney dur-tag the settlement negotiations.

. Dr. Nutik stated that he would have released Mr. Guidry to return to work as early as July of 2001.